917 F.2d 1313
 286 U.S.App.D.C. 383
 Unpublished Disposition
NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
Parviz MOBARAKIZADEH, Appellant,
v.
Douglas J. WOOD
Norman L. Blumenfeld.
 No. 89-7152.
 United States Court of Appeals, District of Columbia Circuit.
 Nov. 13, 1990.
 
 Before WALD, Chief Judge, and HARRY T. EDWARDS and HENDERSON, Circuit Judges.
 JUDGMENT
 PER CURIAM.
 
 
 1
 This case was considered on the record on appeal from the United States District Court for the District of Columbia and on the briefs filed by the parties. The court has determined that the issues presented occasion no need for a published opinion. See D.C.Cir. Rule 14(c). It is
 
 
 2
 ORDERED AND ADJUDGED that the order of the district court filed May 24, 1989, dismissing appellant's complaint, be vacated and the case remanded, for the reasons set forth in the accompanying memorandum. Appellant is directed to demonstrate to the district court, within thirty days of the issuance of the mandate, that he has secured counsel who will litigate this case to its conclusion in conformity with federal and local rules, or that he is capable of litigating his case pro se in conformity with federal and local rules. Absent a clear showing within the 30-day time limit, dismissal will be justified.
 
 
 3
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir. Rule 15.
 
 MEMORANDUM
 
 4
 Under Fed.R.Civ.P. 41(b), a defendant may move for dismissal of an action "[f]or failure of the plaintiff to prosecute or to comply with ... any order of court." Dismissal for lack of prosecution or noncompliance with court orders is within the district court's discretion. Bristol Petroleum Corp. v. Harris, 901 F.2d 165, 167 (D.C.Cir.1990). Considerations which inform the evaluation of whether dismissal, as opposed to a lesser sanction, was an appropriate exercise of discretion include "the effect of a plaintiff's dilatory or contumacious conduct on the court's docket, whether the plaintiff's behavior has prejudiced the defendant, and whether deterrence is necessary to protect the integrity of the judicial system." Id. (citing Shea v. Donohoe Construction Co., Inc., 795 F.2d 1071 (D.C.Cir.1986)). This court has recognized that "dismissal may be an unduly severe sanction for a single episode of misconduct," and has noted, "as a rule," that "dismissal is in order only when lesser sanctions would not serve the interest of justice." Id.
 
 
 5
 While this court is wholly sympathetic with the difficult position of the district court in attempting to resolve this litigation in a fair and efficient manner, the dismissal of appellant's complaint for failure to appear or have proper representation at the scheduling conference appears to have been an excessive disciplinary measure. To be sure, appellant's refugee status and lack of funds presented logistical problems that justifiably concerned the district court and the parties. Absent an opportunity to address these concerns, and notice that failure to provide adequate assurance of the orderly progress of the litigation could result in dismissal, however, a disposition that amounted to dismissal with prejudice was premature. Because this was appellant's first instance of default, and given his efforts to have counsel present at the conference, the lack of notice that dismissal was a potential consequence, and the apparently faulty assumption underlying the court's dismissal that appellant would be able to reinstitute his suit if he could retain local counsel, the case is remanded to afford appellant the opportunity to demonstrate that, notwithstanding his refugee and in forma pauperis status, he is capable of prosecuting his complaint in conformity with the court's rules and orders.